DIMITRIOS P. BILLER (142730)
LDT Consulting, Inc.
15113 Sunset Blvd.
Pacific Palisades, California 90272
Telephone: (310) 459-9870
E-mail: biller_ldtconsulting@verizon.net

Attorney for Plaintiffs PDTW, LLC
And Paula Thomas

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

| | |
|---|---|
| PDTW, LLC, AND PAULA THOMAS,<br><br>PLAINTIFFS,<br><br>VS.<br><br>[1] RICHARD PEDDIE, AN INDIVIDUAL; [2] LAW STUDIOS/RICHARD BYRON PEDDIE, A BUSNESS ORGANIZED UNDER THE LAWS OF THE STATE OF COLORADO; [3] STEPHEN CHOI, AKA HILLSHORE INVESTMENT, S.A. [DUMMY CORPORATION]; [4] ENILUZ GONZALEZ, AN INDIVIDUAL; [5] DESNA INVESTMENT, LLC; [6] JAMES ARTIANO; [7] DAVID SCHNIDER, [8] LAW OFFICE OF DAVID SCHNIDER, [9] LAW FIRM IN CALIFORNIA, NOLAN HIEMANN, LAW FIRM IN CALIFORNIA; [10] JENE PARK, AN | Case No.: Case No.: **2:20-cv-01740-JAK**<br><br>SUPPLEMENTAL DECLARATION OF DIMITRIOS P. BILLER IN SUPPORT OF OPPOSITION TO THE EX PARTE APPLICATION FOR PROTECTIVE ORDER<br><br>**BEFORE THE HONORABLE JOHN A. KRONSTRADT** |

SUPPLEMENTAL OPPOSITION TO EX PARTE APPLICATION FOR PROTECTIVE ORDER - 1

INDIVIDUAL; [11] THE PALLIATIVE, A LIMITED LIABILITY COMPANY; [12] STEVE PRESTEMON; [13] KF PROFESSIONAL; [14] NORMAN KO; [15] JOESPH FOSTER; [16] KYU HONG KIM, CPA, INC. [17] KYU HONG KIM; [18] ALLISON KIM; AN INDIVIDUAL, [19] PETER BALLAS; [20] PETER W. BALLAS & ASSOCIATES, INC.; [21] KRING & CHUNG, INC.; [22] KENNETH CHUNG; [23] ALLYSON THOMPSON; [24] LAURA HESS; [25] LAURA BOOTH; [26] MISTY ISAACSON; [27] PAGTER & PERRY ISAACSON; [28] ROGER KOU; [29] ZTHER INTERACTIVE; [30] IAN CHIN; STANLEY DUCK, LLC; [31] DOUG LEE; [32] DSRB, LLC; [32] ALEX KIM; [33] RICHARD KIM; [34] ERIC CHOI; [35] 317 MBP, LLC [DUMMY COMPANY TO PROTECT CHOI'S ASSETS]; [36] BENJIMEN KIM; [37]; LAUNCHPAD COMMUNICATIONS [38] CONSUMER RESOURCE NETWORK, [39] KHONDKER SHOEB AHMED, [40] ANDREW ALPHEBERG; [41] GREENBERG GLUSTER; *[42] CHOI ASSOCITE-IN-FACT-ENTERPRISE;* [43] JAY YU; [44] DANNY KIM [45] UNITED PLUS INSURANCE; [46] THOMAS WYLDE, LLC; [47] LAW OFFICE OF RICHARD KIM; DOES 1 - 100

DEFENDANTS.

SUPPLEMENTAL OPPOSITION TO EX PARTE APPLICATION FOR PROTECTIVE ORDER - 2

Plaintiffs submits the Supplemental Declaration of Dimitrios P. Biller regarding $9.3 million being traced to money frozen in Trust accounts in Europe the subject of litigation in Qatar.

Respectfully submitted,

By: /S/ Dimitrios P. Biller
Counsel for Plaintiffs

SUPPLEMENTAL OPPOSITION TO EX PARTE APPLICATION FOR PROTECTIVE ORDER - 3

# DECLARATION OF DIMITRIOS P. BILLER

1. I am the attorney for Paula Thomas, PDTW, LLC, and Thomas Wylde, LLC. I have spent three very long years litigating cases involving Thomas Wylde, LLC. All the facts, situations, circumstances, and documents described in this Declaration are based on my personal knowledge. If called to testify I could and would be able to provide competent testimony regarding these issues.

2. Jene Park has unilaterally closed the bank accounts at Bank of America (account number 3250 4361 0527 and 3250 01944 5234). These are the accounts in which DESNA Investment, LLC and Kata Global PTW, Ldt. wired transferred $9.3 million into in 2016 and 2017. Plaintiffs now believe this money was wired into the Trust accountants that are the subject of litigation in Qatar. **(Exhibit "1")** Than many was wired transferred through Thomas Wylde, LLC by Desna Investment, LLC and Kata Global PTE, Ltd. These are believed to be dummy companies under the creation of Stephen Choi, Jim Artiano, and Peter Ballas.

3. Under the terms of the Amended Restated Operating Agreement Jene Park did not have any legal authority to withdraw any money or close the accounts. She is not the CEO of Thomas Wylde, LLC and not the Manager. She holds a minority interests of 18 units, but Paula Thomas holds the majority units of 64.

SUPPLEMENTAL OPPOSITION TO EX PARTE APPLICATION FOR PROTECTIVE ORDER - 4

Without Paula Thomas' approval, Jene Park did not have any authority to take the business from a known location to an unknown location; she did not have any authority to selling products in a retail store to selling on an appointment basis only; she did not have any authority to take the books and records from the known location to an unknown location. Richard Peddie continues to keep Thomas in the dark as to the condition of the inventory, the books & records nd the location of Thomas Wylde, LLC.

7.3. **Acts Requiring Member Vote**. Except as otherwise provided in this Agreement or by the Act, all of the following acts shall require the consent by Vote of a Supermajority of Members:

**(a) Any act that would make it impossible to carry on the ordinary business of the Company;**

(b) Any confession of a judgment against the Company;

(c) The dissolution of the Company;

**(d) The disposition, sale, transfer, assignment or license of all or a substantial part of the Company's assets not in the ordinary course of business;**

(e) The incurring of any debt not in the ordinary course of business;

SUPPLEMENTAL OPPOSITION TO EX PARTE APPLICATION FOR PROTECTIVE ORDER - 5

**(f) A change in the nature of the principal business of the Company or establishment of new or diffusion product lines;**

(g) The filing of a petition in bankruptcy or entering into an assignment for the benefit of the Company's creditors;

(h) The entering into, on behalf of the Company, of any transaction constituting (i) a "reorganization" within the meaning of Corporations Code §17711.01 or (ii) a sale, merger, or conversion of the Company;

(g) The incurring of any contractual obligation or the making of any capital expenditure with a total cost of more than $500,000;

(h) The issuance or redemption of any Membership Interest (including the terms thereof);

**(i) Making operating or liquidating distributions to Members;**

(j) The Transfer of any Membership Interest (other than to a Permitted Transferee);

(k) The admission of any new Member (other than a Permitted Transferee);

(l) Instituting, settling, or compromising of any claim or litigation for more than $100,000;

**(m) Any transaction between the Company and a Member or an Affiliate of a Member or between the Company and a Manager or an Affiliate of a Manager;**

(n) Approval of annual budget and deviation of more than 10% for any line item in any previously approved budget;

(o) Paying any officer or employee more than $200,000 per year; and

**(p) incurring any debt secured by the assets of the Company and all amendments and modifications thereto.**

3. I have noticed the depositions of defendants as allowed by the Standing Order. As expressed in previous Oppositions to the Ex Parte Applications for Protective Order that the KF Professional Group Defendants file and then all defendants joined are not recognizable pleadings for protective orders because they are not in compliance with the *Local Rules* or *Federal Rules of Civil Procedure*.

4. The PMK at Desna Investment, LLC and Jim Artiano refuse to be deposed. David Schnider refuses to be deposed. Kenneth Chung has never been deposed in two years when noticed three times under the frivolous objections raised by his counsel – Glen Olsen. I have asked all counsel for these defendants to meet & confer with me in person as required by *Local Rule 37-1* within the next

SUPPLEMENTAL OPPOSITION TO EX PARTE APPLICATION FOR PROTECTIVE ORDER - 7

ten days.  Nobody has given me a date.  I do not anticipate those meetings will take place unless Ordered by the Court because that is exactly what happen in the adversary proceedings in 2018.  This discovery strategy is an exact replica of what happened in the adversary proceedings in 2018.

5. In 2018, I noticed depositions of PMK witnesses for Thomas Wylde, LLC and David Schnider.  Richard Peddie and David Silver filed "***Emergency Ex Parte Applications for Protective Order***" or "***Ex Parte Applications for Protective Order***" Judge Yun denied those applications because they failed to comply with the *Local Rules* and *Federal Rules of Civil Procedure*. The parties in this action know about this history.  They were ordered to proceed in the proper manner: "meet & confer", prepare Joint Stipulation, and file limited brief.  Judge Yun issued Orders and they violated the Orders.  Plaintiff did not obtain discovery 6 to 14 months later and they are still concealing.  David Schnider is concealing 82 e-mails exchanged with Choi and he did not produce any documents for 2018 when he was ORDERED to do so.  I believe he is hiding the details of this litigation and underlying conduct from Nolan Heimann, the firm he works for at the time and now.  That is why he did not produce e-mails from Nolan Heimann.

SUPPLEMENTAL OPPOSITION TO EX PARTE APPLICATION FOR PROTECTIVE ORDER - 8

6. I, Dimitrios P. Biller, declare and say under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I signed this Declaration in Pacific Palisades, California on June 17, 2020.

<u>/S/ Dimitrios P. Biller</u>

SUPPLEMENTAL OPPOSITION TO EX PARTE APPLICATION FOR PROTECTIVE ORDER - 9

# PROOF OF SERVICE
## STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

I declare under penalty of perjury that I live in the County of Los Angeles, state of California, I am over the age of 18 years; my business is located at 15113 West Sunset Blvd., Suite "9", Pacific Palisades, CA 90272. On **June 17, 2020**, I caused to be served, via e-mail, the following pleadings:

**PLAINTIFFS' SUPPLEMENTAL DECLARATION OF BILLER IN SUPPORT OF OPPOSITION OF EX PARTE APPLICATION FOR PROTECTIVE ORDER.**

on the interested parties in this action by e-mail:

| | |
|---|---|
| Glen R. Olson<br>Jessica R. Macgregor<br>Johnathan Rizzardi<br>Long & Levit LLP<br>465 California Street, 5rth Floor<br>San Francisco CA 94104 | Kring & Chung<br>Kenneth Chung<br>Allyson Thompson<br>Laura Hess<br>Laura Booth |
| Robert Silver<br>Kaufman Dolowich Voluck LLP<br>11755 Wilshire Blvd., Suite 2400<br>Los Angeles, CA 90025<br>(310) 775-6511<br>rsilver@kdvlaw.com | Defendants David Schnider,<br>Law Office of David Schnider, and<br>Nolan Heimann, LLP |
| J. Andrew Wright<br>Chapman Glucksman Dean | Defendants KF Professionals, Inc.,<br>Norman Ko |

SUPPLEMENTAL OPPOSITION TO EX PARTE APPLICATION FOR PROTECTIVE ORDER - 10

| | |
|---|---|
| Roeb Barger, APC<br>11900 W. Olympic Blvd., Suite 800<br>Los Angeles, CA 90064<br>(310) 207-7722<br>awright@egdrblaw.com | Joseph Foster |
| Michael B. Wilk<br>Lewis Brisbois<br>633 West 5th Street<br>Suite 4000<br>Los Angeles, CA 90071 | Defendants Kyu Hong Kim, CPA, Inc.,<br>Allison Lee (aka Kwan/Kim)<br>Kyu Hong Kim |
| Richard Peddie<br>Law Studios/Richard Byron Peddie<br>5051 Euclid Ave.<br>Boulder, Colorado 80303 | Richard Peddie |
| Richard Peddie<br>Law Studios/Richard Byron Peddie<br>5051 Euclid Ave.<br>Boulder, Colorado 80303 | Stephon Choi<br>Eniluz Gonzalez<br>Doug Lee<br>Roger Kou<br>Jene Park<br>John Hanna |
| Lawrence S. Andrews<br>Artiano & Associates<br>3828 Carson Street, Suite 102<br>Torrance, CA  90503 | Peter Ballas<br>Ballas & Associates<br>DESNA Investment, LLC<br>James Artiano<br>Eric Choi |
| Frances O'Merea<br>12100 Wilshire Blvd., Suite 1200, | United Plus Insurance<br>Danny Kim |

SUPPLEMENTAL OPPOSITION TO EX PARTE APPLICATION FOR PROTECTIVE ORDER - 11

| | |
|---|---|
| Los Angeles, CA 90025 | Jay Yu |
| Nemecek-Cole<br>Vikram Sohal<br>Attorney at Law<br>16255 Ventura Blvd., Ste. 300,<br>Encino, CA<br>91436 | Misty Isaacson<br>Pagter & Perry Isaacson |
| Hill, Farrer & Burrill, LLP<br>Keven H. Brogan<br>Dean E. Dennis<br>Elissa L. Gysi<br>One California Plaza<br>300 South Avenue, 37th Floor<br>Los Angeles, California 90071-3147 | Greenberg Glusker<br>Andrew Alpheberg |

_____ BY MAIL – I placed such envelope for deposit in the U.S. Mail for service by the United States Postal service, with postage thereon fully prepaid. I am "readily familiar" with the practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Pacific Palisades, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ : BY FEDERAL EXPRESS – I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery maintained by Federal Express. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business. The envelope was sealed and placed for collection

SUPPLEMENTAL OPPOSITION TO EX PARTE APPLICATION FOR PROTECTIVE ORDER - 12

and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices.

____BY PERSONAL SERVICE – I caused such envelope to be delivered by hand to the offices of the addressee.

**XXX**: E-Mail via EM-ECF and e-mail

**XXX** (State) I declare **under penalty of perjury under the laws of the State of California** that the foregoing is true and correct.

Executed on **June 17, 2020**, at Pacific Palisades, California.


/S/ Dimitrios P. Biller
Dimitrios P. Biller

SUPPLEMENTAL OPPOSITION TO EX PARTE APPLICATION FOR PROTECTIVE ORDER - 13