1  DIMITRIOS P. BILLER (142730)
2  LDT Consulting, Inc.
   15113 Sunset Blvd.
3  Pacific Palisades, California 90272
4  Telephone: (310) 459-9870
   E-mail: biller_ldtconsulting@verizon.net
5

6

7  Attorney for Plaintiffs PDTW, LLC
   and Paula Thomas

8
                  UNITED STATES DISTRICT COURT
9

10   FOR THE CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

11

12

13  PDTW, LLC, AND PAULA THOMAS,    Case No.: Case No.: 2:17-cv-04158-
                                     JAK-PJW
14         PLAINTIFFS,

15  VS.                            **PLAINTIFF PDTW, LLC AND**
                                   **PAULA THOMAS' NOTICE OF**
16  [1] RICHARD PEDDIE, AN         **DEFENDNATS' ADMISSION THAT**
17  INDIVIDUAL; [2] LAW            **THE PENDING EX PARTE**
    STUDIOS/RICHARD BYRON          **APPLICATIONS FOR**
18  PEDDIE, A BUSNESS ORGANIZED    **PROTECTIVE ORDER OR TO**
19  UNDER THE LAWS OF THE STATE    **STAY DISCOVERY AND/OR**
    OF COLORADO; [3] STEPHEN CHOI, **SETTING A STATUS**
20  AKA HILLSHORE INVESTMENT,      **CONFERENCE IS INVALID AND**
21  S.A. [DUMMY CORPORATION]; [4]  **IMPROPER**
    ENILUZ GONZALEZ, AN
22  INDIVIDUAL; [5] DESNA
23  INVESTMENT, LLC; [6] JAMES
24  ARTIANO; [7] DAVID SCHNIDER, [8]
    LAW OFFICE OF DAVID SCHNIDER,
25  [9] LAW FIRM IN CALIFORNIA,    **BEFORE THE HONORABLE**
26  NOLAN HIEMANN, LAW FIRM IN     **DISTRICT COURT JUDGE JOHN**
    CALIFORNIA; [10] JENE PARK, AN **A. KRONSTADT**
27

28

PLAINTIFFS REQUEST FOR JUDICIAL NOTICE                              1

1  INDIVIDUAL; [11] THE PALLIATIVE,
2  A LIMITED LIABILITY COMPANY;
   [12] STEVE PRESTEMON; [13] KF
3  PROFESSIONAL; [14] NORMAN KO;
4  [15] JOESPH FOSTER; [16] KYU
   HONG KIM, CPA, INC. [17] KYU
5  HONG KIM; [18] ALLISON KIM; AN
6  INDIVIDUAL, [19] PETER BALLAS;
7  [20] PETER W. BALLAS &
   ASSOCIATES, INC.; [21] KRING &
8  CHUNG, INC.; [22] KENNETH
9  CHUNG; [23] ALLYSON THOMPSON;
   [24] LAURA HESS; [25] LAURA
10 BOOTH; [26] MISTY ISAACSON; [27]
11 PAGTER & PERRY ISAACSON; [28]
   ROGER KUO; [29] ZTHER
12 INTERACTIVE; [30] IAN CHIN;
13 STANLEY DUCK, LLC; [31] DOUG
   LEE; [32] DSRB, LLC; [32] ALEX
14 KIM; [33] RICHARD KIM; [34] ERIC
15 CHOI; [35] 317 MBP, LLC [DUMMY
16 COMPANY TO PROTECT CHOI'S
   ASSETS]; [36] BENJIMEN KIM; [37];
17 LAUNCHPAD COMMUNICATIONS
18 [38] CONSUMER RESOURCE
   NETWORK, [39] KHONDKER SHOEB
19 AHMED, [40] ANDREW
20 APFELBERG; [41] GREENBERG
   GLUSTER; *[42] CHOI ASSOCITE-IN-*
21 *FACT-ENTERPRISE;* [43] JAY YU;
22 [44] DANNY KIM [45] UNITED PLUS
23 INSURANCE; [46] THOMAS WYLDE,
   LLC; [47] LAW OFFICE OF RICHARD
24 KIM; DOES 1 - 100
25
26 DEFENDANTS.
27
28

PLAINTIFFS REQUEST FOR JUDICIAL NOTICE                                    2

1
2
3

**PLAINTIFFS HEREBY FILE THIS NOTICE OF ADMISION THAT**

**DEFENDANTS ADMITT THE** Ex Parte Application for a Protective Order or

Stay and/or Schedule a Status Conference is invalid, improper and not recognized

4
5
6
7

by law.  At least two set of Defendants and their counsel have now admitted that

the *Ex Parte Application* for a Protective Order or Stay and/or Scheduling of a

8
9
10

Status Conference is invalid and not a recognized procedure that a United States

District Court can consider that does not comply with the Standing Orders, Local

11

Rules and *Federal Rules of Civil Procedure.*  After nearly 10 days of briefing and

12
13

cost of $50,000 to Plaintiffs' counsel in fee (both attorney fees and fees for his

14

assistant), Defendants have thrown in the towel.  How much time did the Court

15

waste on this "*Ex Parte Application*?"  If Plaintiffs counsel spent at least 100 hours

16
17

from June 9, 2020 to the present (June 18, 2020 or 9 days), the Court must have

18

spent twice that.  Why?  Because Defendants are absolutely determined to delay

19
20

this discovery and this litigation, and they do not care if Defendants do not follow

21

Court procedures.  Defendants understand that Plaintiffs' counsel is a sole

22

practitioner with serious disabilities, so they feed on those limitations.  Plaintiff

23
24

requests the United States District Court deny the pending *Ex Parte Application*,

25

instruct the Magistrate Judge not to consider any Motions for Protective Orders on

26
27

the grounds Defendants waive their rights for such relief by filing *Ex Parte*

28

PLAINTIFFS REQUEST FOR JUDICIAL NOTICE                                                    3

*Applications* for Protective Order, and issue sanctions against the Defendants, jointly and severally, for $45,000.00 within five calendar days.

## DECLARATION OF DIMITRIOS P. BILLER

1.      I am the attorney for Paula Thomas, PDTW, LLC, and Thomas Wylde, LLC. All the facts contained in this Declaration are based on my personal knowledge. If called to testify regarding this issue I could and would provide competent testimony.

2.      Between April 2018 and July 2018 Richard Peddie and Robert Silver filed *Ex Parte Applications* for Protective Order in the Bankruptcy Court soon after I served discovery. Judge Yun denied the *ex parte application* because Defendants failed to file **Motions for Protective Order** under the *Federal Rules of Civil Procedure* and Local Rules. It was during this time that the Defendants decided to have a field day with me. Approximately 10 discovery and a summary judgment motions were filed in this time frame. I opposed all motions but got 2.6 hours of sleep. In July 2018, Judge Beckloff was so concern about my health he wanted to continue my adversary's hearing on a motion for summary judgement brough 30 days before trial. I sustained extreme exhaustion and became delusional from sleep deprivation; I was hospitalized. I tell this story only to emphasize discovery

abuses have real life consequences for everybody.  Richard Peddie orchestrated

this situation.  He orchestrated the same in this case.

2.       On **June 4, 2020** I served discovery in the form of notices of taking

deposition in this case as allowed by the Standing Order.  On **June 9, 2020** Richard

Peddie filed, once again, his patented and trademark *Ex Parte Application* for

*Protective Order or Stay* and/or Request for Scheduling Order.  The Defendants

"joined."  There are no way the Defendants' attorneys did not know it was

improper, but they blindly followed Peddie.

3.       On **June 17, 2020**, Glen Olson sent me an e-mail that Kenneth Chung

will not appear for his deposition.  I have been attempting to take his deposition for

two years, and Olsen refuses to produce PDTW, LLC's legal files with a

Declaration by a Custodian of Record, and Olson always refuses to produce him.

Olsen announced on **JUNE 17, 2020** that his Defendants were filing "*Motion for

Protective Order*."  Olsen had already joined the Ex Parte Application for a

Protective Order or Stay on **JUNE 10, 2020** (seven days either) The next day,

**June 18, 2020**, I received another e-mail claiming it was written and sent to

comply with the Magistrate Judge's Standing Order.  From my understanding the

Magistrate Judge's Standing Order has been in place for some time.  Therefore,

Glen Olson has joined the Ex Parte Application and will file a Motion for

Protective Order.  He should pick a lane.  The announcement he is filing a Motion for Protective Order is an admission that the *Ex Parte Application* for a Protective Order or Stay that Judge Kronstradt is considering is invalid.

4.      On June 17, 2020 I received an e-mail from Robert Silver who represents David Schnider, Law Office of Schnider, and Nolan Heimann informing me that he would not be producing David Schnider at his deposition.  On June 18, 2020 I received an E-mail from Robert Silver advising me he was filing a *Motion for Protective Order*.

5.      I work on these cases every day, more than eight hours a day.  I spend hours per day with my assistant/reader to review pleadings and other writings.  The previous nine days has been a complete waste of my time and the time of my assistant all because Peddie and other Defendants decided to file a Ex Parte Application for a Protective Order or Stay and/or Request for Scheduling Conference when Peddie and other had specific knowledge that such a procedure is not valid or proper.  During this time I had to review the *Ex Parte Application* for a Protective Order or Stay and/or Request for Scheduling Conference that Richard Peddie filed and the many Joiners to the ex parte; I had to draft Oppositions and Declarations to those *Ex Parte Application* for a Protective Order or Stay and/or Request for Scheduling Conference and Joiners; I had to review all pleadings and

declarations with my reader; I prepared supplemental briefs and Declarations; I

met and confer with Olsen, Peddie, Silver via email that was a complete waste of

time because they never want to reach a resolution.  I investigated with witnesses

in Great Britain and Columbia regarding the Court Judgment from Qatar.  My

assistant has spent at least 20 hours reviewing my writings and reviewing with me.

I suffer from an extreme case of dyslexia and near blindness in my left eye.  When

I was a Partner at Pillsbury Winthrop in 2003 by billable hourly rate was $500.00

and it is still that amount.  My assistant's hourly rate is $250.00.

      6.     This is only a flavor what Defendants are going to do in this case as

they have done in other case.  Robert Silver and David Schnider, and well as

Peddie, still have not complied with Judge Yun's Orders.  It has been nearly two

years since the Orders were issued.

      7.     I, Dimitrios P. Biller, declare under penalty of perjury under the laws

for the State of California that the forgoing is true and correct.  I signed this

Declaration on June 18, 2020 in Pacific Palisades, California.


/S/ Dimitrios P. Biller

# PROOF OF SERVICE
## STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

I declare under penalty of perjury that I live in the County of Los Angeles, state of California, I am over the age of 18 years; my business is located at 15113 West Sunset Blvd., Suite "9", Pacific Palisades, CA 90272. On **June 18, 2020**, I caused to be served, via e-mail, the following pleadings:

**PLAINTIFFS' NOTICE OF ADMISSION BY DEFENDANTS THAT THE EX PARTE APPLICATION IS INVALID**
on the interested parties in this action by e-mail:

| | |
|---|---|
| Glen R. Olson<br>Jessica R. Macgregor<br>Johnathan Rizzardi<br>Long & Levit LLP<br>465 California Street, 5rth Floor<br>San Francisco CA 94104 | Kring & Chung<br>Kenneth Chung<br>Allyson Thompson<br>Laura Hess<br>Laura Booth |
| Robert Silver<br>Kaufman Dolowich Voluck LLP<br>11755 Wilshire Blvd., Suite 2400<br>Los Angeles, CA 90025<br>(310) 775-6511<br>rsilver@kdvlaw.com | Defendants David Schnider,<br>Law Office of David Schnider, and<br>Nolan Heimann, LLP |
| J. Andrew Wright<br>Chapman Glucksman Dean<br>Roeb Barger, APC<br>11900 W. Olympic Blvd., Suite 800 | Defendants KF Professionals, Inc.,<br>Norman Ko<br>Joseph Foster |

PLAINTIFFS REQUEST FOR JUDICIAL NOTICE                                      8

| | |
|---|---|
| Los Angeles, CA 90064<br>(310) 207-7722<br>awright@egdrblaw.com | |
| Michael B. Wilk<br>Lewis Brisbois<br>633 West 5th Street<br>Suite 4000<br>Los Angeles, CA 90071 | Defendants Kyu Hong Kim, CPA, Inc.,<br>Allison Lee (aka Kwan/Kim)<br>Kyu Hong Kim |
| Richard Peddie<br>Law Studios/Richard Byron Peddie<br>5051 Euclid Ave.<br>Boulder, Colorado 80303 | Richard Peddie |
| Richard Peddie<br>Law Studios/Richard Byron Peddie<br>5051 Euclid Ave.<br>Boulder, Colorado 80303 | Stephon Choi<br>Eniluz Gonzalez<br>Doug Lee<br>Roger Kou<br>Jene Park<br>John Hanna |
| Lawrence S. Andrews<br>Artiano & Associates<br>3828 Carson Street, Suite 102<br>Torrance, CA  90503 | Peter Ballas<br>Ballas & Associates<br>DESNA Investment, LLC<br>James Artiano<br>Eric Choi |
| Frances O'Merea<br>12100 Wilshire Blvd., Suite 1200, Los Angeles, CA 90025 | United Plus Insurance<br>Danny Kim<br>Jay Yu |

PLAINTIFFS REQUEST FOR JUDICIAL NOTICE                                              9

| | |
|---|---|
| Nemecek-Cole<br>Vikram Sohal<br>Attorney at Law<br>16255 Ventura Blvd., Ste. 300,<br>Encino, CA<br>91436 | Misty Isaacson<br>Pagter & Perry Isaacson |
| Hill, Farrer & Burrill, LLP<br>Keven H. Brogan<br>Dean E. Dennis<br>Elissa L. Gysi<br>One California Plaza<br>300 South Avenue, 37th Floor<br>Los Angeles, California 90071-<br>3147 | Greenberg Glusker<br>Andrew Alpheberg |

_____BY MAIL – I placed such envelope for deposit in the U.S. Mail for service by the United States Postal service, with postage thereon fully prepaid.  I am "readily familiar" with the practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Pacific

PLAINTIFFS REQUEST FOR JUDICIAL NOTICE                                                                10

Palisades, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____BY FEDERAL EXPRESS – I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery maintained by Federal Express.  Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.  The envelope was sealed and placed for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices.

_____BY PERSONAL SERVICE – I caused such envelope to be delivered by hand to the offices of the addressee.

**XXX**: E-Mail via EM-ECF

**XXX** (State) I declare **under penalty of perjury under the laws of the State of California** that the foregoing is true and correct.



        Executed on **June 18, 2020**, at Pacific Palisades, California.



/S/ Dimitrios P. Biller
Dimitrios P. Biller

PLAINTIFFS REQUEST FOR JUDICIAL NOTICE                                              11