DIMITRIOS P. BILLER (142730)
LDT Consulting, Inc.
15113 Sunset Blvd.
Pacific Palisades, California 90272
Telephone: (310) 459-9870
E-mail: biller_ldtconsulting@verizon.net


Attorney for Plaintiffs PDTW, LLC
and Paula Thomas

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)


| | |
|---|---|
| PDTW, LLC, AND PAULA THOMAS, | Case No.: Case No.: 2:17-cv-04158-JAK-PJW |
| PLAINTIFFS, | |
| VS. | **PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICHARD PEDDIE'S SUPPLEMENTAL DECLARATION** |
| [1] RICHARD PEDDIE, AN INDIVIDUAL; [2] LAW STUDIOS/RICHARD BYRON PEDDIE, A BUSNESS ORGANIZED UNDER THE LAWS OF THE STATE OF COLORADO; [3] STEPHEN CHOI, AKA HILLSHORE INVESTMENT, S.A. [DUMMY CORPORATION]; [4] ENILUZ GONZALEZ, AN INDIVIDUAL; [5] DESNA INVESTMENT, LLC; [6] JAMES ARTIANO; [7] DAVID SCHNIDER, [8] LAW OFFICE OF DAVID SCHNIDER, [9] LAW FIRM IN CALIFORNIA, NOLAN HIEMANN, LAW FIRM IN | **Date: TBD**<br>**Time: 8:30 a.m.**<br>**Place: Courtroom 10B**<br><br>**BEFORE THE HONORABLE DISTRICT COURT JUDGE JOHN A. KRONSTADT** |

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

1

CALIFORNIA; [10] JENE PARK, AN INDIVIDUAL; [11] THE PALLIATIVE, A LIMITED LIABILITY COMPANY; [12] STEVE PRESTEMON; [13] KF PROFESSIONAL; [14] NORMAN KO; [15] JOESPH FOSTER; [16] KYU HONG KIM, CPA, INC. [17] KYU HONG KIM; [18] ALLISON KIM; AN INDIVIDUAL, [19] PETER BALLAS; [20] PETER W. BALLAS & ASSOCIATES, INC.; [21] KRING & CHUNG, INC.; [22] KENNETH CHUNG; [23] ALLYSON THOMPSON; [24] LAURA HESS; [25] LAURA BOOTH; [26] MISTY ISAACSON; [27] PAGTER & PERRY ISAACSON; [28] ROGER KUO; [29] ZTHER INTERACTIVE; [30] IAN CHIN; STANLEY DUCK, LLC; [31] DOUG LEE; [32] DSRB, LLC; [32] ALEX KIM; [33] RICHARD KIM; [34] ERIC CHOI; [35] 317 MBP, LLC [DUMMY COMPANY TO PROTECT CHOI'S ASSETS]; [36] BENJIMEN KIM; [37]; LAUNCHPAD COMMUNICATIONS [38] CONSUMER RESOURCE NETWORK, [39] KHONDKER SHOEB AHMED, [40] ANDREW APFELBERG; [41] GREENBERG GLUSTER; *[42] CHOI ASSOCITE-IN-FACT-ENTERPRISE;* [43] JAY YU; [44] DANNY KIM [45] UNITED PLUS INSURANCE; [46] THOMAS WYLDE, LLC; [47] LAW OFFICE OF RICHARD KIM; DOES 1 - 100

**PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION**

1   DEFENDANTS.

2

3

4

5

6   **PLAINTIFFS PDTW, LLC AND PAULA THOMAS HEREBY files** and

7   serves their Reply to Richard Peddie's Opposition to Plaintiffs' Request for

8   Judicial Notice and Richard Peddie's Declaration filed on June 17, 2020.  Richard

9

10  Peddie continues to claim he represents Thomas Wylde, LLC.

11  Dated: June 19, 2020

12

13                                          Respectfully submitted,

14

15

16                                          By: /S/ Dimitrios P. Biller
                                            Paula Thomas, PDTW, LLC
17

18

19

20

21

22

23

24

25

26

27

28  **PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS'
    REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION**

# I.

## INTRODUCTION

This Reply Brief will address two recent filings made by Richard Peddie on June 16 and 17, 2020.  The first filing is **THOMAS WYLDE, LLC'S RESPONSE TO SUPPLEMENTAL DECLARATION (Dkt. 172)** The second filing is the **OPPOSITION TO PLAINTIFFS' JUNE 15 REQUEST FOR JUDICIAL NOTICE.**  Plaintiffs will address the Thomas Wylde, LLC's Response to Supplemental Declaration (Dtk.172) first, because the statements contained in that documents are limited, and Richard Peddie fails to address the entire Supplemental Declaration; Peddie also fails to make any proper objections to that declaration.

Richard Peddie's filings include factual allegations that impeach his position before other Judges in other proceedings, and admissions to factual contentions that undermine the legal positions he is taking regarding Thomas Wylde, LLC**.** Why did he change his position?

Because he knows Plaintiffs now have the evidence that he cannot refute, so he puts his own "spin" on that evidence.  Peddie's "spins" are dishonest, and they contradict his well-documented previous positions.  Furthermore, he goes on the

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

4

offensive to make factual allegations that are mere projections of his own criminal behavior, which can be proven by admissible evidence.

Peddie claims Plaintiffs are concerned about the Ex Parte Application for Protective Orders; not true.  Peddie and David Schnider brought the same ex parte applications in the adversary proceedings, and Judge Yun denied them as procedurally defective for failure to comply with the Local Rules and Federal Rules of Civil Procedure.  Plaintiffs have already informed all Defendants of this. The Kring & Chung Defendants have recognized this, so they are filing Notices of Motion for Protective Order.  **(Decl. of Biller, Exhibit "1")** Plaintiffs are required to address the deceit in Peddie's two recent filings because he has made too many false representations of fact and law, too often to ignore.

# PART 1

# II.

# ARGUMENT

Peddie makes a number of superficial arguments without any substance, and without any supporting facts with admissible evidence.  He makes statements of factual allegations in the pleadings as if they were true, but they are not.  That is why he failed to cite admissible evidence.  In the very first sentence in the "Thomas Wylde, LLC's Response to Supplemental Declaration (Dkt. 172) he

**PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION**

claims Plaintiffs are motivated out of concern for the stay the court may issue.  On the contrary, all of Plaintiffs' objections to the ex parte application relate to discovery; Plaintiff has already filed a Motion to Strike the Motion to Stay the proceedings.  The Stay issue is moot by the pending motions.

Peddie makes the following astonishing statement:

**The gist of the Supplemental Declaration** is that defendant Jene Park ("Park") has wrongfully closed certain bank accounts held by Thomas Wylde, LLC ("TW"), [1] **and that this is somehow probative**.

Plaintiffs argue that the closing of bank accounts by Park was wrongful because she did so "unilaterally" and without abiding by TW's operating agreement. Supplemental Declaration ("Supp. Decl.") ¶ 2 (4:9-11) & ¶ 3 (first paragraph 3) (4:22-7:11). [2] **It is further suggested that Park is neither TW's acting CEO nor its manager. Supp. Decl. ¶ 3 (4:25).[2]**

**[3] Plaintiffs themselves allege that [Choi terminated Hanna and appointed] Park is TW's acting CEO. *See, e.g.,* Revised First Amended Complaint** ("RFAC") (Dkt. 19) ¶ 417 (364:12-15) ("Choi then terminated John Hanna as CEO and appointed Jene Park to that

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

6

position. Consequently, one person serves as the CEO, COO and CCOCD."). [4] **While Plaintiffs present cute theories and legal arguments as to why, in reality, Thomas controls TW, those are simply theories**.

(2:4-17)

   Peddie's comments above are false statements and half-baked truths that are missing many ingredients. *First*, the closing of bank accountants is relevant and "probative" because Plaintiffs have alleged that Jene Park, David Schnider, John Hanna and PALLIATIVE embezzled money from PDTW, LLC and Thomas Wylde, LLC; Thomas Wylde, LLC is a money laundering operation and tax evasion haven; Park in all likelihood took the money before closing the accounts and sent it to South Korea for her brother and mother to hold. The closing of bank accounts requires a supermajority vote according to Thomas Wylde's own Operating Agreement. Plaintiffs have to trace every penny, so closing the accounts will make it exceedingly difficult, if not impossible, to trace.

   *Second*, Peddie's foot note no. 2 to the second statement asks the court to ignore Biller's declaration because the Supplemental Declarations "contain merely counsel's venting about discovery disputes, current and past,

in this case and others." No. It contains statements of crimes during discovery. Also, Peddie is basically saying to a Federal Judge, "Just ignore the facts presented by my adversary. You and I can just work this out together." It is astonishing that Richard Peddie is instructing a Federal Judge what to read, and what to ignore.

**Third**, Peddie conveniently cuts out all of the factual allegations, and the meat of the statement. The Revised First Amended Complaint (page 364) says this (the part Peddie used out of context is highlighted):

> **Choi then terminated John Hanna as CEO and appointed Jene Park to that position**. Consequently, one person serves as the CEO, COO and CCOCD. When the employment agreements for John Hanna (CEO), Jene Park (COO) and Paula Thomas (CCOCD) are compared it becomes obvious that very different skill sets required for each position, and one person cannot do it all. **(Exhibits "54", "55" and "56")**

Peddie once again attempts to manipulate the Judge by not indicating he was taking a *partial* allegation from the Revised First Amended Complaint. Plaintiffs' focus is not on *accepting* that Jene Park is the legitimate CEO; the focus is on *challenging* that Park is the legitimate CEO.

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

8

Even more important, Plaintiffs argue that Choi does not have the operational authority to fire or appoint any officers to Thomas Wylde, LLC because he himself is not an owner, officer, or employee. **It is an undisputed fact that choi is not an owner**.  He is an outsider. Park attempted to become one of four CEO's, and this was never accepted or voted on, as required by the Operating Agreement. Peddie will do anything to protect Stephen Choi, even present a dishonest version of the allegations in the Revised First Amended Complaint.

*Fourth*, Peddie refers to Plaintiffs' "cute legal theories and argument" of ownership of Thomas Wylde, LLC in his typical male chauvinist language that minimizes Paula Thomas to a Barbie Doll.  Here is the admissible evidence proving she is the majority owner that Peddie continues to ignore:

1.  The Amended Restated Operating Agreement states there are only 110 units of ownership in Thomas Wylde, LLC, and Paula Thomas owns 64 of those units;

2.  The Amended Restated Operating Agreement was never changed to include more units and Hillshore Investment, S.A.;

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

9

3.  Thomas was never given the First Right of Refusal in early January 2015 to buy more units as required by the Amended Restatement Operating Agreement;

4.  Stephen Choi laundered $18.3 million through Thomas Wylde, LLC and did not provide any financing;

5.  As part of the tax evasion scheme, Richard Peddie filed false and fraudulent claims in the United States Bankruptcy Court to recover $4.4 million from PDTW, LLC;

6.  There was NEVER a vote to take on $4.4 million of alleged debt from PDTW, LLC as required by the Amended Restated Operating Agreement;

7.  PDTW, LLC never agree to pay Thomas Wylde, LLC any money (let alone $4.4 million);

8.  Thomas Wylde, LLC stole the $2.4 million that PDTW, LLC generated in sales form August 2014 to January 2015;

9.  Stephen Choi did not have the authority, power, right or ability to appoint John Hanna as CEO and David Schnider as General Counsel in July 2014 or every;

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

10

10. David Schnider, John Hanna, Norman Ko and Richard Kim conspired to draft the original Operating Agreement that only allowed Park, Lee, Kou and Hanna to sign as members with 46 units on November 25, 2014 to give fake authority to Hanna and Schnider to draft and sign fraudulent agreements;

11. Eniluz Gonzalez was not part of Hillshore Investment, S.A. and that company does not exist;

12. Eniluz Gonzalez, Choi, Schnider, Lee, Hanna, and Kou stole the intellectual property belonging to Thomas Wylde Holdings, LLC through the December 1, 2014 promissory note for $2 that Gonzalez and Shoeb Ahmend funded without Paula Thomas' knowledge or permission;

13. The $5.5 million that Choi "invested" was not used to finance Thomas Wylde, LLC be laundered;

14. Schnider and Choi conspired with the CPA Defendants to commit tax evasion on PDTW, LLC by declaring alleged advances from Thomas Wylde, LLC to PDTW, LLC in the about of $1,782,000.00 in 2014 and (at the same time) $4,052,052.00 in 2014 and 2015;

15. Choi and Peddie terminated Paula Thomas and put Jene Park in as her replacement as the Chief Creative Director;

16. "Hillshore Investment, S.A." was never a company or have any employees to act on its behalf so it could never own any units and does not own any units;

## A. Peddie Argues the Supplemental Declaration of Biller is Argumentative

Well, then Peddie needs to file objections to the statements that he believes are argumentative.  Instead, Peddie refers the Court to another Declaration in Support of the Motion to Strike the Motion to Stay.  Clearly, there is no argumentative statements in the Supplemental Declaration if he could not cite and object to such a statement.

## B. There is NO "Gist" in the Supplemental Declaration Because It Discusses Many Different Issues

When Peddie makes his typical the "gist of the argument" that is his way of only dealing with a portion of the arguments and ignoring the other portions, in the hope the Court will conclude the "gist of the argument" is the entire argument. Peddie goes off about some Stipulation about the bank statements and the filing of the bank statements somehow causing Thomas Wylde, LLC to close down the

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

12

accounts.  Peddie is not a witness to those factual allegations. If he is, then he needs to provide a declaration, or he should provide a Declaration by Jene Park. Here is the "gist" of the argument: Paula Thomas has been asking to view the TW books and records for three years, as is her right as an owner, and she has been denied. Richard Peddie himself admits TO CHOI that Thomas has a right to this information but refuses to produce it. Instead, Jene Park and Richard Peddie have been closing down accounts and selling Thomas Wylde product from an undisclosed location with undisclosed bank accounts. This abuse has to stop.

Dimitrios P. Biller asked for a copy of that Stipulation before the filing of the Bank Statements, but Peddie refused.  **(Decl. of Biller, Exhibit "2")** Therefore, Peddie waived application of the Stipulated Protective Order.  He did so because it does not apply to the facts of this case and to this Court.  Peddie merely attaches the single-spaced Stipulation, but fails to designate the language that applies.

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1 Notice of Subpoena or Court Order.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) **cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.** [What does reasonable procedures mean when Paula Thomas owns the bank statements as the majority owner of Thomas Wylde]

8.2 Compliance with Subpoena or Court Order. **If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a**

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

14

**determination by the court from which the subpoena or order**

**issued, unless the Party has obtained the Designating Party's**

**permission. The Designating Party shall bear the burden and**

**expense of seeking protection in that court of its confidential**

**material] - and nothing in these provisions should be construed as**

**authorizing or encouraging a Receiving Party in this action to**

**disobey a lawful directive from another court.**

Well, Thomas Wylde, LLC did not seek a protective order from this Court. This is a perfect example to show how Peddie throws out a suggestion and makes an argument that is not supported by evidence.  This practice is deceitful.

### C. Thomas Wylde LLC Admits to all the Other Facts By Not Objecting to those Contentions.

Richard Peddie did not dispute the following:

DESNA Investment, LLC, and Kata Global PTE, Ldt. wire transferred $9.3 million through Thomas Wylde, LLC;

DESNA Investment, LLC and Kata Global PTE, Ltd are dummy companies under the creation of Stephen Choi, Jim Artiano, and Peter Ballas;

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

15

Jene Park is not the CEO of Thomas Wylde and did not have legal authority under the Amended Restated Operating Agreement to be the CEO or Manager of Thomas Wylde, LLC;

Jene Park holds a minority interests with 18 units and Paula Thomas owns a majority with 64 units;

Without Paula Thomas' authority, Jene Park did not have the authority to take Thomas Wylde, LLC from a known location to an unknown location;

Jene Park did not have the authority to sell products from an unknown location by appointment only;

Richard Peddie continues to keep Thomas in the dark about the books and records for Thomas Wylde, LLC, the inventory, and location of Thomas Wylde, LLC;

**(Decl. of Biller, 4:9-5:10, [Dkt. 172])**

Furthermore, Peddie did not comment on the citations to the Amended Restated Operating Agreement that supports the above factual contentions.  He cannot because Defendants have violated too many clauses in that agreement.

**PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION**

16

# PART 2

# I.

# ARGUMENT

## A. Peddie Fails To Address the Eight Paragraphs of "Undisputed Facts" that the Qatar Court Found In Denying Gonzalez' Motion for Summary Judgment

The Court in Qatar made the following statement in paragraph 15:

15. As the Claimants' four applications are all interim applications, no evidence has been formally adduced or tested, though in the usual way the Court has had before it a number of witness statements to which it has had regard. **Subject to that, the following events appear to be undisputed so far as these applications are concerned.**

In Qatar, Eniluz Gonzalez never produces evidence, just as she refuses to produce evidence in these American proceedings.  Even when subpoenaed to do so in the bankruptcy court, Gonzalez failed to produce any evidence.  (Decl. of Biller) Peddie manufactured and produced a fabricated letter as if it came from Gonzalez, but now evidence proves it was not.

## B. Peddie Provides that Court With a History of Recent Pleadings and Motions Filed, but Why?

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

17

Richard Peddie does not include in this history the Defendants' numerous Ex Parte Applications to Stay Discovery that are not recognized by any rules, but are instead filed purely to delay litigation. Peddie and his posse have done this for three years.  Richard Peddie does not care if the pleadings he files or the statements he makes are recognized in law or reality.  Peddie references the Qatar Court's Judgment as "garbage" at least three times in the opening paragraph.  Judges' rulings are not "garbage."  The findings and opinions of the Qatar watchdog for "International Money Laundering and Terrorist Funding" are not "garbage." You know what else is not garbage? Seven hundred and fifty pages of testimony in the form of declarations by Biller and Thomas, 187 exhibits (most of which Peddie concealed. This includes: the fabricated September 28, 2015 letter allegedly from Gonzalez, that Peddie manufactured to conceal that DESNA Investment funded the money instead of Hillshore); Peddie has made fraudulent claims and pleadings filed in the Superior Court and Bankruptcy Court. He has written and signed eight fraudulent declarations with Jene Park and David Schnider. Peddie has wiped and concealment computers belonging to PDTW, and other highly relevant evidence, including dozens of e-mails that Schnider and Peddie refuse to produce. All of this is called admissible evidence proving Peddie and others have committed over 300

crimes.  Let's see if Peddie can manage to put up a declaration to refuse these undisputed facts without lying.

Peddie falsely states to this Court that the United States Supreme Court has held that criminal contempt proceedings cannot be brought during the pending of a civil litigation.  False!  Plaintiffs' Motion for Criminal Contempt requests the Court to find grounds for criminal contempt and proceed under *Rule 42 of the Federal Roles of Civil Procedure* in which an attorney for the government will prosecute the case before a jury with the appropriate standard of proof – beyond a reasonable doubt.

## C. Richard Peddie Fails to Address Any of the Material Facts for which Plaintiffs request Judicial Notice

Once again, Peddie operates in a vacuum by arguing there is nothing relevant in the Qatar Opinion, but he never addresses the finding of facts to make that determination.  Here are the facts that the Qatar Court found undisputed:

"Subject to that, the following events appear to be undisputed so far as these applications are concerned."

16.    Ms. Gonzalez Aponte Established the Criteria Investment Trust.  The Criteria Investment Trust identifies the Protector as Ms. Gonzalez Aponte and the trustee as HCW.

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

19

17.     It appears that between May and August 2017 Ms. D'Lacoste Agudelo transferred a total of *€5,114,393* to be held subject to the OA Investment Trust, and Ms. Gonzalez Aponte transferred to total of *€7,414,393.00* (emphasis added) to be held subject to the Criteria Investment Trust.  *[€7,414,393.00 equal $9,642,610.10; Bank of America statements show $9.3 million was transferred through Thomas Wylde, LLC in 2016 and 2017; Jene Park and Richard Peddie refuse to allow Paula Thomas to inspect the books and records from Thomas Wylde, LLC that should prove the money frozen came from Thomas Wylde, LLC]*

18.     Between about 17 January 21 February 2018 HCW transferred a total of *€2,750,00* to Ms. D'Lacoste Agudelo and *€1,8000,00* to Ms. Gonzalez Aponte.  The Claimants contend that they, by the end of February 2018, HCW held *€2,362,393* in the OA Investment Trust as trustee for Ms. D'Lacoste Agudelo and 5,614 in the Criteria Investment trustee as trustee for Ms. Gonzalez Aponte. *[the testimony of Eniluz Gonzalez proves she is an unsophisticated person, a mother of three children, stay at home mom, and not a*

*graduate of high school.  She is not the person behind these transfers; that would be Stephen Choi]*

19.    According to the QRCRA [Qatar Financial Centre Regulatory Authority][1], on 22 February 2018 it commenced an investigation in HCW's activities on the basis of suspected money laundering.  *[Plaintiffs have alleged a money laundering scheme for three years involving Gonzalez and Choi through Thomas Wylde]* On 22 February 2018, a freezing order was made by the Qatar Central Bank over all of HCT's bank accounts, which was subsequently extended by the Public Prosecutor.  The accounts, including those

---

[1] The QFC Authority is the commercial and strategic arm of the Qatar Financial Centre ("QFC"). The QFC also consists of an independent financial regulator, the QFC Regulatory Authority, and an independent judiciary comprising a Civil and Commercial Court and a Regulatory Tribunal. The QFC Authority is responsible for leading the expansion of Qatar's financial services sector and for developing relationships with the regional and global financial community. In February 2010 the QFC Authority unveiled a new strategy focusing on the creation of a global business hub for three core markets - Asset Management, Reinsurance and Captive Insurance.

Apart from Qatar itself, which needs to raise the capacity of its financial services to support more than $140 billion worth of projects, the QFC also provides a conduit for financial services providers to access nearly $1 trillion of investment across the GCC as a whole over the next decade. (Wikipedia)

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

21

holding the **funds of the two trusts, remain frozen**." **(Emphasis
added)**

20.     It appears that by deeds dated 15 March 2018 (Ms.
Gonzalez Aponte) and 16 March 2018 (Ms. D'Lacoste Agudelo) each
Claimant removed HCW as trustee and appointed her in its place."
*[This is evidence of pattern and practice; Stephen Choi always uses
his wife to sign documents and be the front person in an effort to
preserved and protect himself]*

23.     On 24 October 2018, the QFCRA applied to be joined to
the proceedings. It stated that it was concerned that the funds
transferred to HCW on behalf of the Claimants are part of a
sophisticated attempt at money laundering and an attempt to evade tax.
By order dated 6 December 2018 the QFCRA was joined to these
proceedings. *[Plaintiffs have alleged and proven that the CPA
Defendants acting for Stephen Choi committed tax evasion on
PDTW and Thomas Wylde, LLC.  KF Professional's prepared the
2014 tax returns for PDTW, LLC and Thomas Wylde, LLC
falsifying on both returns that Thomas Wylde, LLC "advanced"
$1,782,000.00 to PDTW, LLC on its tax returns and advancing*

*$4,52,052.00 to PDTW, LLC on its 2014 tax returns] Richard Peddie and The CPA Defendants will not allow Paula Thomas to see the tax returns for 2016, 2017, 2018 that would related to moneys transferred to Europe.]* The Claimants have made various requests that the QFCRA provide further information. The QFCRA has provided some documents and has refused some requests. This has been one of the issues on the present applications. **(Emphasis)**

24. On 11 March 2019 the QFCRA issued its Decision Notice in relation to its investigation against HCW. That identified breaches by HCW of the Anti-Money Laundering and Com batting Terrorist Financing Rules 2010 and included a requirement that HCW pay fines totaling QAR 30,000,000. Although the Decision Notice is directed at HCW and not the Claimants, pursuant to an order of the Court of 15 April 2019, the Decision Notice was disclosed to the Claimants." *[To put them on notice]*

25.     It appears that the Claimants have not participated in or otherwise assisted the QFCRA in its investigation. *[Gonzalez refused to participate in discovery by not producing any documents from Hillshore Investment, S.A., although she is the "President" and*

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

23

***"General Manager" of that dummy.]***  They deny any suggestion that the funds settled in the trusts were in any way illegitimate. No formal allegations have been made against the Claimants and there has been no formal investigation in respect of the Claimants. The Defendants' position has been that QFCRA conjecture that the Claimants may have failed to pay tax in Costa Rica but say that there is no factual basis to accuse the Claimants of tax evasion or any other crime. HCW's position is that its own money laundering checks had excluded the possibility of any participation in any crime related to tax evasion. **The QFCRA's position is that it continues to have concerns as to the true source of the funds in issue in these proceedings, and in particular the nature and circumstances of a settlement agreement that led to the funds ultimately arriving in Qatar.**

(Emphasis added)

30.     **Each Claimant seeks an order for summary judgment against HCW in respect of the sums she claims is the balance of the trust fund held by HCW following the January/February 2018 transfers. Ms. D'Lacoste Agudelo seeks judgment now for**

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

24

***€2,364,392.72* and Ms. Gonzalez Aponte for *€5,614,392.72.*** At the

hearing of these applications Mr. Hatton confirmed that the Claimants

were not seeking summary judgment against the Second or Third

Defendant.  (Emphasis added)

32.    Mr. Hatton acknowledged that any order for summary

judgment should recognize the fact that HCW's accounts arc currently

frozen. He clarified the order he is seeking on behalf of Ms. D'Lacoste

Agudelo in case 6 in the following terms, namely that:

*"1.    HCW shall transfer to the Claimant, as new trustee of the OA*

*Investment Trust, the balance of the trust fund. being the sum of€*

*2,364,392.72.*

*2. Execution of the transfer requirement set out in paragraph 1 above*

*shall be stayed pending lifting of the Freezing Order imposed on 22*

*February 2018 and continued thereafter by the Qatar Authorities over*

*the First Defendant's bank accounts or farther order of this Court. "*

The terms of the order Mr. Hatton is seeking in respect of Ms.

Gonzalez Aponte in case 7 is in the same terms save that the figure in

paragraph 1 would be €5,614,392.72 (equal to $7,398,709).

32.     Mr. Abu Shaikha stated that the Defendants are willing to pay trust monies to the Claimant but are prevented from doing so because accounts had been and remain frozen.

35.     **However, particularly in the light of the submissions of Mr. Jaffey QC, the Court considers that it is faced with a more complex picture in this case. In the first place, on the material before it, the Court is unable to make any finding as to the source of the funds lodged with HCW. The funds may be trust money so as to give the Claimants a proprietary claim if the Claimants are legal or beneficial owners of the money. There has been no evidence forthcoming from the Claimants or otherwise to assist the Court with that. Mr. Hatton relies on the fact that no formal investigation has been instituted as regards the Claimants. However, the source of the funds is an important issue as regards the investigation into HCW, and the Court has no explanation from the Claimants as to the source of the funds transferred to HCW.** (Emphasis added) *[Gonzalez failed to give the Court an explanation why the over the $7,298,709 she sought is legitimate*

***money coming from legitimate sources.  That is an admission is it not legitimate money coming from legitimate sources]***

37. It appears however that HCW has not maintained separate client bank accounts and that trust monies held for the Claimants may not have been kept separate from other monies held by HCW: in QFCRA's investigation, the Court was told that HCW employees admitted that HCW had commingled client funds with its own money. Thus, it appears that there is not a separate account for either Claimant's fund. The Defendants accept, in their pleadings, that the specific sums claimed by the Claimants were held on trust for the Claimants.

38.     It appears that HCW was holding funds for other clients - the Court was told possibly 15 others though the Claimants were the largest clients -who may also have proprietary claims against HCW. Even assuming that the Claimants have a proprietary claim, on the state of the evidence the Court cannot be confident that there is in HCW's accounts sufficient money to pay the sums now sought by the Claimants, without trespassing on trust funds held on behalf of others.

It is not possible for the Court to conduct an exercise of equitable tracing on a summary judgment application.

39.     ***Applying the test set out above, the Court has concluded that it is not in the interests of justice to grant the Claimants' applications for summary judgment, which therefore fail.*** The Claimants are, of course, free to pursue their claims to a full hearing should they wish to do so. They should submit suggested directions to the Court following receipt of this decision. The Court will deal with directions on paper without the need for another hearing.

In order to state the above is not relevant to this case, Peddie would have to ignore all the admissible evidence proving money laundering and tax evasion in this case.  Which he has.  This is yet another example why Peddie cannot represent Thomas Wylde, LLC; he will always put the interests of Stephen Choi and Gonzalez ahead of Thomas Wylde, LLC when Choi and Gonzalez have committed crimes on Thomas Wylde, LLC before and during the time Peddie started to represent Choi and Gonzalez. In an email to Choi, Peddie tells him he would rather "see TW go bankrupt" and manufacture "men's jockstraps" unless the money is good for Hillshore. How on Earth can this man represent Thomas Wylde LLC if he wants to bury it 6 feet under for the benefit of an outsider?

### D. Peddie's Accusations that Plaintiffs Did Not Attach a Proper Copy of the Qatar Opinion is a Projection of His Own Criminal Behavior

Peddie's pathetic accusation is his first step in a very difficult road to accuse Plaintiffs' counsel of crimes to deflect from the mountain of evidence that has proven him to be a criminal.  A certified copy of the Qatar Court papers in process.  Meanwhile, Plaintiffs' counsel has provided the following statement in his Declaration:

On Sunday, **June 14, 2020 I received information from the Organized Crime and Corruption Reporting** requesting an interview.  It was at that time I learned about a complaint that Eniluz Gonzalez filed in Qatar seeking nearly $6,500,000.00 in a Trust Account held by the Asset Management Company; she changed the name of the Trustee to herself. I searched for the case on the internet and found it with a few minutes.  **Exhibit "1"** is the Trial Court's Judgment and **Exhibit "2"** is the Court of Appeal's Opinion.  The Trial Court's Judgment is dated October 2, 2019 and the Court of Appeal's Opinion is dated **June 9, 2020** (last week).  **Exhibits "1"** and **"2"** are true and correct copies of the Judgment and Opinion I obtained off the website for the Civil And Commercial Court of the

Qatar Financial Centre.  **I have not changed or altered any language, words, sentences, paragraphs in anyway.  Exhibit "1" and "2" are the exact same copies that I personally received**.

Since Peddie has been caught committing so many crimes, he will not attack Paula Thomas' counsel. Good luck.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully take Judicial Notice of the findings of adjudicative facts from the Judgment set forth above.

Dated: June 18, 2020                    Respectfully submitted,


                                        /S/ Dimitrios P. Biller
                                        Counsel for Plaintiffs
                                        Paula Thomas and PDTW, LLC

# PROOF OF SERVICE
## STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

I declare under penalty of perjury that I live in the County of Los Angeles, state of California, I am over the age of 18 years; my business is located at 15113 West Sunset Blvd., Suite "9", Pacific Palisades, CA 90272.  On **June 18, 2020**, I caused to be served, via e-mail, the following pleadings:

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF A JUDGMENT AND COURT OF APPEAL ISSUED FROM THE COURTS IN QATAR**

on the interested parties in this action by e-mail:

| | |
|---|---|
| Glen R. Olson<br>Jessica R. Macgregor<br>Johnathan Rizzardi<br>Long & Levit LLP<br>465 California Street, 5rth Floor<br>San Francisco CA 94104 | Kring & Chung<br>Kenneth Chung<br>Allyson Thompson<br>Laura Hess<br>Laura Booth |
| Robert Silver<br>Kaufman Dolowich Voluck LLP<br>11755 Wilshire Blvd., Suite 2400<br>Los Angeles, CA 90025<br>(310) 775-6511<br>rsilver@kdvlaw.com | Defendants David Schnider,<br>Law Office of David Schnider, and<br>Nolan Heimann, LLP |
| J. Andrew Wright | Defendants KF Professionals, Inc., |

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

31

| Chapman Glucksman Dean Roeb Barger, APC 11900 W. Olympic Blvd., Suite 800 Los Angeles, CA 90064 (310) 207-7722 awright@egdrblaw.com | Norman Ko Joseph Foster |
|---|---|
| Michael B. Wilk Lewis Brisbois 633 West 5th Street Suite 4000 Los Angeles, CA 90071 | Defendants Kyu Hong Kim, CPA, Inc., Allison Lee (aka Kwan/Kim) Kyu Hong Kim |
| Richard Peddie Law Studios/Richard Byron Peddie 5051 Euclid Ave. Boulder, Colorado 80303 | Richard Peddie |
| Richard Peddie Law Studios/Richard Byron Peddie 5051 Euclid Ave. Boulder, Colorado 80303 | Stephon Choi Eniluz Gonzalez Doug Lee Roger Kou Jene Park John Hanna |
| Lawrence S. Andrews Artiano & Associates 3828 Carson Street, Suite 102 Torrance, CA  90503 | Peter Ballas Ballas & Associates DESNA Investment, LLC James Artiano Eric Choi |

PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION

| | |
|---|---|
| Frances O'Merea<br>12100 Wilshire Blvd., Suite 1200, Los Angeles, CA 90025 | United Plus Insurance<br>Danny Kim<br>Jay Yu |
| Nemecek-Cole<br>Vikram Sohal<br>Attorney at Law<br>16255 Ventura Blvd., Ste. 300, Encino, CA<br>91436 | Misty Isaacson<br>Pagter & Perry Isaacson |
| Hill, Farrer & Burrill, LLP<br>Keven H. Brogan<br>Dean E. Dennis<br>Elissa L. Gysi<br>One California Plaza<br>300 South Avenue, 37th Floor<br>Los Angeles, California 90071-3147 | Greenberg Glusker<br>Andrew Alpheberg |

**PLAINTIFF PDTW, LLC AND PAULA THOMAS' REPLY/RESPONSES TO THE [1] OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND [2] RICAHRD PEDDIE'S SUPPLEMENTAL DECLARATION**

33

**\_\_\_\_\_**BY MAIL – I placed such envelope for deposit in the U.S. Mail for service by the United States Postal service, with postage thereon fully prepaid.  I am "readily familiar" with the practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Pacific Palisades, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_BY FEDERAL EXPRESS – I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery maintained by Federal Express.  Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.  The envelope was sealed and placed for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices.

\_\_\_\_BY PERSONAL SERVICE – I caused such envelope to be delivered by hand to the offices of the addressee.

**XXX**: E-Mail via EM-ECF

**XXX** (State) I declare **under penalty of perjury under the laws of the State of California** that the foregoing is true and correct.

Executed on **June 18, 2020**, at Pacific Palisades, California.

/S/ Dimitrios P. Biller
Dimitrios P. Biller