UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-01740 JAK (PJWx) | Date | June 22, 2020 |
|---|---|---|---|
| Title | PDTW, LLC et al. v. Richard Peddie et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Cheryl Wynn | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANTS KF PROFESSIONAL GROUP, INC.'S, NORMAN KO'S, AND JOSEPH FOSTER'S EX PARTE APPLICATION FOR PROTECTIVE ORDER AND/OR DISCOVERY STAY, OR IN THE ALTERNATIVE REQUEST FOR STATUS CONFERENCE OR SCHEDULING ORDER (DKT. 124);

TW DEFENDANTS' JOINDER IN KFP DEFENDANTS' EX PARTE APPLICATION FOR INTERIM DISCOVERY STAY AND RELATED RELIEF (DKT. 125);

KRING & CHUNG DEFENDANTS' JOINDER IN KFP DEFENDANTS' EX PARTE APPLICATION FOR INTERIM DISCOVERY STAY AND RELATED RELIEF (DKT. 131)

**I.   Introduction**

On May 10, 2020, PDTW, LLC ("PDTW") and Paula Thomas filed a Motion for a Preliminary Injunction (the "PI Motion"). Dkt. 98. A hearing on the PI Motion is scheduled for August 31, 2020. *Id.* On May 20, 2020, Thomas Wylde, LLC ("TW") filed a Motion for Colorado River Stay or Extension (the "Stay Motion"). Dkt. 101.[1] A hearing on the Stay Motion is scheduled for October 19, 2020. *Id.* On May 22, 2020, Misty Perry Isaacson and Pagter and Perry Isaacson, APLC, filed a Motion to Dismiss the Revised First Amended Complaint (the "Motion to Dismiss" (Dkt. 108)) and a Motion to Strike the State Law Claims of Plaintiff Paula Thomas Pursuant to California Code of Civil Procedure § 425.16 (the "Motion to Strike" (Dkt. 110)). On May 26, 2020, PDTW and Thomas filed a Motion for Criminal Contempt (the "Contempt Motion"). Dkt. 112. A hearing on the Motion to Dismiss, the Motion to Strike and the Contempt Motion is scheduled for October 26, 2020.

No order setting a scheduling conference has issued. On June 9, 2020, at approximately 5:30 p.m., Defendants KF Professional Group, Norman Ko and Joseph Foster (collectively, the "KFP Defendants") filed an ex parte application for a "protective order and/or discovery stay, or in the alternative a status conference or scheduling conference." Dkt. 124 at 1-2 (the "KFP Application"). On June 10, 2020, at

---

[1] Many other defendants joined in the Stay Motion. *See* Dkts. 103, 104, 105, 106, 107, 119 and 120.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-01740 JAK (PJWx) | Date | June 22, 2020 |
| Title | PDTW, LLC et al. v. Richard Peddie et al. | | |

approximately noon, Defendants TW, Jene Park, Steven Prestemon and the Palliative LLC ("Palliative") (collectively, the "TW Defendants") filed a notice of joinder in the KFP Application. Dkt. 125. On June 10, 2020, at approximately 3:00 p.m., Defendants Greenberg Glusker and Andrew Apfelberg filed a notice of joinder in the KFP Application. Dkt. 128. On June 10, 2020, at approximately 4:00 p.m., Defendants Desna Investments, LLC, James Artiano, Peter Ballas, Peter W. Ballas & Associates, LLC and Eric Choi filed a notice of joinder. Dkt. 130. On June 10, 2020, at approximately 5:00 p.m., Defendants Kring & Chung, LLP, Kenneth Chung, Allyson Thompson and Laura Hess (collectively, the "K&C Defendants") filed a notice of joinder. Dkt. 131.

On June 10, 2020, at approximately 4:00 p.m., Plaintiffs filed a timely opposition to the KFP Application (the "Opposition"). Dkt. 129.

The TW Defendants' Joinder (Dkt. 125) and K&C Defendants' Joinder (Dkt. 131) are **GRANTED**, insofar as they are permitted to join in the KFP Application (Dkt. 124). The KFP Application (Dkt. 124) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**II.    Background**

      A.    Defendants' Positions

          1.    KFP Application (Dkt. 124)

On June 5, 2020, Plaintiffs served a notice for the depositions of 11defendants, with the first to commence on June 22, 2020. Dkt. 124, Declaration of J. Andrew Wright (the "Wright Declaration") ¶ 6. The Amended Notice of Taking Depositions of Defendants (the "Deposition Notice") identifies the following deponents:

    (1)    David Schnider (June 22, 2020)
    (2)    Kenneth Chung (June 24, 2020)
    (3)    Person Most Knowledgeable of Desna Investment, LLC (June 26, 2020)
    (4)    Jene Park (June 26, 2020)
    (5)    Norman Ko (July 2, 2020)[2]
    (6)    Allison Lee (July 6, 2020)
    (7)    Andrew Apfelberg (July 8, 2020)
    (8)    Danny Kim (July 10, 2020)
    (9)    James Artiano (July 13, 2020)
    (10)   Custodian of Records for KF Professional (July 15, 2020)
    (11)   Lee Dries (July 17, 2020)

Dkt. 124 at 19-20.

---

[2] The Deposition Notice identifies the date as June 2, 2020, but this is construed as a typographical error that was intended to refer to July 2, 2020. *See* Dkt. 124 at 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-01740 JAK (PJWx) | Date | June 22, 2020 |
|---|---|---|---|
| Title | PDTW, LLC et al. v. Richard Peddie et al. | | |

The Wright Declaration states that, on June 5, 2020, Plaintiffs' Counsel "indicated that he would seek to amend the operative Complaint." Wright Decl. ¶ 7, Dkt. 124 at 9. The memorandum in support of the KFP Application argues that a "protective order and/or stay on discovery is warranted" until after the Stay Motion and "state court demurrers" are heard, because they "may have a dispositive impact on this action for many of the crowd of defendants." Dkt. 124 at 6. The memorandum also contends that, because Plaintiffs intend to amend the operative complaint, the depositions are "premature and will cause the Defendants to incur an undue expense potentially unnecessarily depending on the outcome of the [Stay Motion]." *Id.* In the alternative, a status conference or scheduling conference is proposed to discuss pending discovery. *Id.*

      2.      <u>TW Defendants' Position (Dkt. 125)</u>

The TW Defendants join the KFP Application. Dkt. 125 at 6. The TW Defendants argue that Plaintiff will not suffer prejudice if an interim stay of discovery is imposed because Plaintiffs have "boast[ed] of having taken 20 depositions and obtained 60,000 pages in documents." *Id.* (citing Revised First Amended Complaint ¶ 127). The TW Defendants also argue that a stay of discovery has been imposed in one of the related state court actions -- the "Lawyer Lawsuit III" -- which supports a stay of this action in light of the hearing on demurrers in Lawyer Lawsuit III that is scheduled for July 27, 2020. *Id.* The TW Defendants contend that issues that are "fatal" to the underlying claims are apparent from a review of the operative complaint. *Id.* at 7-11.

The TW Defendants also include a request to "impose forthwith the *Colorado River* stay in this case." Dkt. 125 at 11.

      3.      <u>Greenberg Defendants' Position (Dkt. 128)</u>

The Greenberg Defendants, i.e., Greenberg Glusker and Andrew Apfelberg, joined the KFP Application. Dkt. 128 at 2. The Greenberg Defendants request, in the alternative, that a status or scheduling conference be held prior to June 22, 2020. *Id.*

      4.      <u>Desna Defendants' Position (Dkt. 130)</u>

The Desna Defendants, i.e., Desna Investments, LLC, James Artiano, Peter Ballas, Peter W. Ballas & Associates, LLC and Eric Choi, joined the KFP Application. Dkt. 130. The Desna Defendants contend that they are similarly situated to the KFP Defendants and that they will be "imminently harmed by a substantial burden and expense caused by Plaintiffs' unilateral noticing of eleven (11) depositions, which will likely become unnecessary given the pending *Colorado River* Motion." *Id.* at 3.

      5.      <u>K&C Defendants' Position (Dkt. 131)</u>

The K&C Defendants joined the KFP Application. Dkt. 131. The K&C Defendants argue that this action "largely overlaps and duplicates claims pending against Kring & Chung Defendants in the Orange County Superior Court." *Id.* at 3-4. The K&C Defendants argue that this action is a "thinly veiled attempt to 'end run' the Orange County Superior Court's order setting hearings on dispositive motions and staying discovery." *Id.* at 4. The K&C Defendants argue that this action constitutes forum shopping and

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-01740 JAK (PJWx) | Date | June 22, 2020 |
| Title | PDTW, LLC et al. v. Richard Peddie et al. | | |

that Plaintiffs "should not be allowed to run a parallel action in federal court at the same time, based upon those same allegations." *Id.* at 4.

    B.    Plaintiffs' Position

Through the Opposition, Plaintiffs advance many arguments in response to the KFP Application and related notices of joinder. *First*, the Court's Standing Order provides a means to address the issues raised by the KFP Application. Thus, the Standing Order states that, "[u]nless there is a likelihood that, upon a motion by a party, the Court would order that any or all discovery is premature, counsel should begin to conduct discovery actively before the Scheduling Conference. Discovery is not stayed prior to the Scheduling Conference . . . ." Dkt. 129 at 14. Plaintiffs argue that a request to stay discovery or a protective must be addressed to the assigned Magistrate Judge. *Id.* at 15.

*Second*, the KFP Application fails to make a sufficient showing under Fed. R. Civ. P. 26(c) for a protective order. That rule requires "good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Dkt. 129 at 16.

*Third*, Defendants have violated the Local Rules. Dkt. 129 at 17. They contend that Defendants have failed to cooperate in resolving discovery disputes as required by L.R. 37-1. *Id.* at 17-18.

*Fourth*, Richard Peddie does not represent TW and has committed fraud on the court by representing that he is counsel for TW. Dkt. 129 at 18.

*Fifth*, the actual purpose of the relief sought by Defendants is to "conceal evidence" and prevent Plaintiffs from gathering necessary information. Dkt. 129 at 19-20.

*Sixth*, the KFP Application implies that Defendants knew that they "violated the Standing Order" and failed to comply with obligations to attempt to resolve discovery disputes informally. Dkt. 129 at 21.

*Seventh*, Hillshore Investment, S.A. is a "dummy company" that reflects a scheme by many of the Defendants both to fabricate and conceal evidence related to a money-laundering scheme. Dkt. 129 at 22-25.

*Eighth*, because Peddie represented Stephen, Peddie cannot also represent TW. Dkt. 129 at 25.

*Ninth*, Peddie is "masquerading" as the attorney for TW, and the other defendants are "in lock step with Peddie" because Stephen Choi "is a scary guy." Dkt. 129 at 25.

*Tenth*, because Thomas has control of TW, the Stay Motion filed by Peddie on behalf of TW was not authorized. Dkt. 129 at 26.

*Eleventh*, Peddie, David Schnider and Robert Silver have violated at least ten Rules of Professional Conduct. Dkt. 129 at 26-30.

Attached to the Opposition is a 97-page declaration of Thomas that was filed in support of the PI Motion and a chart that identifies several related actions. *See* Dkt. 129 at 35-142.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-01740 JAK (PJWx) | Date | June 22, 2020 |
|---|---|---|---|
| Title | PDTW, LLC et al. v. Richard Peddie et al. | | |

### III.  Documents to be Stricken

On June 14, 2020, Plaintiffs filed an opposition to the "joiner by Jene Park, Steven Prestemon, Pallative, and Thomas Wylde, LLC" (the "Second Opposition"). Dkt. 159. The Second Opposition is in response to the TW Defendants' Joinder filed on June 10, 2020. Dkt. 125. Given when this joinder was filed, Plaintiffs opposition was due by June 11, 2020. Therefore, the Second Opposition (Dkt. 159), filed on June 14, 2020, is untimely and is **STRICKEN**.

On June 17, 2020, Plaintiffs filed a supplemental declaration of Dimitrios Biller in support of Plaintiffs' opposition to the KFP Application. Dkt. 172. Under the Standing Order, "[n]o supplemental brief shall be filed without prior leave of court." Dkt. 17 at 9. The supplemental declaration was filed without such leave. Therefore, the supplemental declaration (Dkt. 172), which was filed on June 17, 2020, is **STRICKEN**. Because the supplemental declaration is stricken, Thomas Wylde, LLC's Response to Supplemental Declaration (Dkt. 173) is **MOOT**.

On June 18, 2020, Plaintiffs filed a "Notice of Defendants' Admission that the Pending Ex Parte Applications for Protective Order or to Stay Discovery and/or Setting a Status Conference is Invalid and Improper." Dkt. 175 (the "Notice"). The Notice is another supplemental filing for which leave of court was required, but was neither sought nor obtained. Therefore, the Notice (Dkt. 175) is **STRICKEN**.

On June 18, 2020, Plaintiffs filed a response to both Thomas Wylde, LLC's Response to Supplemental Declaration (Dkt. 173) and Thomas Wylde, LLC's Opposition to Plaintiffs' June 15 Request for Judicial Notice (Dkt. 171). *See* Dkt. 176 (the "Response"). To the extent that the Response is in support of Plaintiffs' supplemental declaration, it is another supplemental filing for which leave of court was neither sought nor obtained. Therefore, the Response (Dkt. 176) is **STRICKEN**.

Recent filings include inappropriate, personal criticism of opposing counsel. *See, e.g.*, Dkt. 176 at 9 (Plaintiffs' Counsel) ("Peddie refers to Plaintiffs' 'cute legal theories and argument' of ownership of Thomas Wylde, LLC in his typical male chauvinist language that minimizes Paula Thomas to a Barbie Doll."); Dkt. 173 at 3 (TW's Counsel) ("Once again, the Court is fed pure garbage."); Dkt. 171 (TW's Counsel) ("Plaintiffs are feeding the Court pure garbage" and "that garbage is so illustrative of Plaintiffs' ongoing tactics in this case."). Counsel and the parties in this action have engaged in extensive litigation in both federal and state courts. Although they have strong disagreements on legal and factual issues, this does not warrant or justify the use of such unprofessional language. It must stop. *See Civility and Professionalism Guidelines*, United States District Court for the Central District of California, https://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines ("Unless directly and necessarily in issue, we will not disparage the intelligence, morals, integrity, or personal behavior of our adversaries before the court, either in written submissions or oral presentations.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-01740 JAK (PJWx) | Date | June 22, 2020 |
|---|---|---|---|
| Title | PDTW, LLC et al. v. Richard Peddie et al. | | |

**IV.     Analysis**

      A.     Application for Protective Order

The KFP Application, and notices of joinder filed by other defendants, request, *inter alia*, a protective order. No order setting a scheduling conference has issued. An application for a protective order related to particular noticed depositions is a discovery issue. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."). Therefore, any such issue will be referred to Magistrate Judge Walsh if the Stay Motion is subsequently denied and the parties continue to dispute this issue at that time. To the extent that the request for a protective order may be deemed one to   stay of all discovery, that issue is addressed below.

      B.     Application for Stay of Discovery

Ex parte relief is warranted only when extraordinary conditions are presented. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). To warrant such relief, the evidence must show that the moving party "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Id.* An ex parte application is "justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (Morrow, J.). "A party seeking a stay of discovery carries a heavy burden of making a 'strong showing' why discovery should be denied." *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995). A "case-by-case analysis is required." *Amey v. Cinemark USA Inc.*, No. 13-06248 MMM (CWx), 2013 WL 12143815, at *2 (C.D. Cal. Oct. 18, 2013) (quoting *Skellerup*, 163 F.R.D. at 601). Such stays typically arise in relation to potentially dispositive motions.

An order staying discovery is not a "routine procedural order that cannot be obtained through a regularly noticed motion." *See Horne*, 969 F. Supp. 2d at 2015. Nor is there evidence that, absent a stay of discovery, evidence will be destroyed or a party will take flight. *Id.* Therefore, the issue presented in whether there is the "threat of immediate or irreparable injury." *Id.*

Based on the present evidence presented by the KFP Application and related joinders, there is a sufficient showing that there is a threat of immediate injury. It would arise if extensive depositions are conducted on a shortened schedule before a determination has been made as to whether this action should be stayed under *Colorado River*. The injury would be both potentially unnecessary discovery and the corresponding cost, as well as potential interference with the Superior Court proceedings in which demurrers are scheduled for hearing, and with the stay orders previously entered in the earlier-filed, related action that is pending before this Court. *Thomas v. Thomas Wylde, LLC et al.*, No. 2:17-cv-04158 JAK (PJWx) (C.D. Cal. June 5, 2017).

This is not a determination of the merits of the *Colorado River* matter in this more recent action, but a practical assessment of a potential misallocation of resources in parallel proceedings. For example,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-01740 JAK (PJWx) | Date | June 22, 2020 |
|---|---|---|---|
| Title | PDTW, LLC et al. v. Richard Peddie et al. | | |

discovery disputes that could be presented and decided in this action may have to be revisited in the parallel Superior Court proceedings if this action is later stayed in deference to those proceedings. Similarly, having discovery proceed in this action while the earlier-filed *Thomas v. Thomas Wylde* proceeding is stayed, could present complications in the management of that proceeding.

Further, there is no showing that an interim determination that there should be a relatively short stay of the discovery in this action, including deferring the 11 depositions that have been noticed, will prejudice Plaintiffs. This interim stay is imposed without prejudice to a focused request for limited discovery based on a showing that any further delay will be unduly prejudicial, e.g., there is a substantial risk that a further delay will result in a destruction of evidence or that it evidence will otherwise become unavailable. Further, the hearing on the Stay Motion will be advanced.

For the foregoing reasons, the KFP Application is **GRANTED** as to a stay of all discovery, pending the decision on the Stay Motion. In light of the issues raised by Plaintiffs with respect to whether discovery should be stayed at this time, and in the interest of party and judicial efficiency, **the hearing on the Stay Motion (Dkt. 101) is advanced from October 19, 2020, to July 27, 2020 at 2:30 p.m.**

      C.      Request for Status Conference or Scheduling Conference

The KFP Application and related joinders requested, in the alternative, a status conference or scheduling conference be scheduled prior to June 22, 2020. Because discovery has been stayed, a conference on such an expedited schedule is unnecessary, and the request is **DENIED**. However, in the interest of judicial and party efficiency, **a Scheduling Conference in this matter is also set for July 27, 2020, at 2:30 p.m**. The parties' Joint Report, shall be filed on or before July 17, 2020 as required by the Standing Order. Dkt. 17

**V.**      <u>**Conclusion**</u>

For the reasons stated in this Order, the TW Defendants' joinder (Dkt. 125) and K&C Defendants' Joinder (Dkt. 131) are **GRANTED** insofar as such parties are permitted to join in the KFP Application. The KFP Application (Dkt. 124) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

The following filings are **STRICKEN**:

- Plaintiff PDTW, LLC And Paula Thomas' Opposition To The Joinder By Jene Park, Steve Prestemon, Pallative, And Thomas Wylde LLC To KF Professional Group's Ex Parte Application For A Protective Order Or Stay On Discovery and/or Status Conference (Dkt. 159)
- Supplemental Declaration Of Dimitrios P. Biller In Support Of Opposition To The Ex Parte Application For Protective Order (Dkt. 172)
- Plaintiff PDTW, LLC And Paula Thomas' Notice Of Defendants' Admission That The Pending Ex Parte Applications For Protective Order Or To Stay Discovery And/Or Setting A Status Conference Is Invalid And Improper (Dkt. 175)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-01740 JAK (PJWx) | Date | June 22, 2020 |
| Title | PDTW, LLC et al. v. Richard Peddie et al. | | |

- Plaintiff PDTW, LLC and Paula Thomas' Reply/Response to the [1] Opposition to Plaintiffs' Request for Judicial Notice and [2] Richard Peddie's Supplemental Declaration (Dkt. 176)

**IT IS SO ORDERED.**

                                                                                                                                            :

Initials of Preparer     cw